M. KIRSCHBERGER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 28, 1908.)

No. 5,005.

1. CUSTOMS DUTIES (§ 43*)—CLASSIFICATION—SAWED SOAPSTONE—"MANUFACTURED."

Small pieces of soapstone, cut in regular sizes for gas tips and burners, have been "manufactured," and are dutiable as unenumerated "manufactured" articles, under Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 147; Dec. Dig. § 43.*

For other definitions, see Words and Phrases, vol. 5, pp. 4344–4346; vol. 8, p. 7716.]

2. CUSTOMS DUTIES (§ 44*) — CLASSIFICATION — SIMILITUDE — QUALITY OF RESEMBLANCE.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 97, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), for mineral substances, being limited to articles susceptible of decoration, wares not susceptible

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of decoration are not to be brought within the paragraph through the operation of the similitude clause in section 7 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

MARTIN, District Judge. It is claimed by the importer that the merchandise in question is a species of lava, and it is contended that it is free of duty under Tariff Act July 24, 1897, c. 11, Schedule M, par. 395, and Free List, pars. 602, 605, 606, 614, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626), or, if dutiable at all, it should be assessed under paragraph 183, at 20 per cent. ad valorem, or under paragraph 93, at $1 or $2 per ton, or under paragraph 98, at 10 cents per gross and 15 per centum ad valorem, or under section 6, at 20 per centum ad valorem.

The appraiser reports the merchandise in question as small pieces of soapstone, cut in regular sizes and used in the manufacture of gas burners. They were assessed for duty under paragraph 97 of the tariff act. I find from the evidence, and upon examination of the exhibits, that these blocks are soapstone, and that they are cut, before being imported, into sizes for gas tips and burners.

The importer contends that these small blocks are cut into the sizes of the samples shown for the sole purpose of convenience in shipping. I do not so find the fact. I think it is apparent, from the evidence and an inspection of the exhibits, that the first process of the manufacture of the tips is the cutting of the soapstone into blocks of the right sizes for being finished into gas tips, and that, therefore, the first process of manufacture was performed before they were imported, and must be treated as manufactured merchandise when imported. They were assessed for duty under paragraph 97. That paragraph reads as follows:

"Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem."

The blocks in question are not enumerated under section 97. It was contended in argument by the assistant district attorney that they may be assessed under that paragraph as a similitude. It is apparent that these blocks are not susceptible of decoration, and therefore cannot be classified as a similitude under paragraph 97. Being a manufactured article when imported, and no paragraph being pointed out

under which they may be classified for duty, I hold that they should be assessed under section 6, as a manufactured article, at 20 per cent. ad valorem.